May it please the court, your honors. Marissa Conroy on behalf of the appellant Timothy Griffin. I'd like to reserve one minute for rebuttal. Your honors, in this case we're asking this court to vacate the sentence of 24 months and to reinstate the district court's original sentence of five years probation, as the district court was simply without jurisdiction to resentence Mr. Griffin 34 days later after the imposition of the original sentence. District courts have very limited options in terms of their ability to resentence a defendant after that sentence has already been imposed. And in this case it would be under the parameters of Rule 35 that the district court attempted to act and resentence Mr. Griffin. However, the district court did not act in compliance with the rule, which is strict and jurisdictional and is a limit of 14 days for resentencing a defendant. In this case the original sentence was imposed on August 27th. The district court then attempted to resentence Mr. Griffin on October 1st. And the fact of the matter is the district court was simply without jurisdiction to act at that point in time. Didn't he try, he had a hearing on September 4th in the middle there. Correct. But didn't resentence Mr. Griffin, that's really the premise of your argument. If it had happened on September 4th, he would have been okay, right? He would have. If he had resentenced him by September 10th, he would have been within the parameters of Rule 35. Was there any indication of the purpose of the September 4th hearing in advance? Did he give notice of why you all there? I don't believe so from the record that I have. It was simply re-put on calendar as a status hearing. He called the parties in, informed them the reason he had put it on calendar is some information had come to his attention that maybe the vehicle was not as it was originally described at the August 27th sentencing hearing. The reason I ask counsel is because at the September 4th hearing it seems that there was a question that the trial court judge had of the prosecution about this issue, about the configuration of the vehicle, photos of the vehicle. Correct. And those were not available on September 4th, right? Available to the prosecution. They were not. Well, the prosecution indicated that they did not have them on September 4th. They were trying to obtain them, and then they filed them at some point shortly before the October 1st hearing. Have they had them at the original sentencing hearing? They were not presented at the original sentencing hearing, no. Well, that's what seems a little curious, and maybe this just doesn't matter, but the prosecution was seeking an enhancement based upon the configuration of the vehicle, right? That's correct. They had the burden of the enhancement. And the photos weren't available at the original sentencing. According to the record that I have, they were not available, nor were they filed with the court. Thank you, counsel. Your Honors, in this case, or in past cases, United States v. Barragan-Mendoza, United States v. Pena, and United States v. Aguilar-Reyes, this court has addressed essentially the same question. Situations where a district court has acted outside the window of Rule 35, and in every single one of those cases, this court has reached the same conclusion, and that is that the district court was without jurisdiction to resentence the individual. The only other issue that Mr. Griffin raised in this appeal is whether the court erred in imposing a fine of $1,000. And in this case, the probation report was prepared. Neither the government nor Mr. Griffin objected to that probation report, and essentially the probation report detailed that Mr. Griffin had a total of approximately $185,000 in debt, a significant amount of debt. He had approximately a 20-year history of a drug problem. He had limited and sporadic employment, maybe one week or a month here and there at a time, usually earning between $8 and $9 an hour. And essentially the government and Mr. Griffin both agreed that a fine was not appropriate. And at the time of the sentencing hearing, the district court did not comply with either 18 U.S.C. 3572 or the sentencing guidelines in considering any of the factors that are relevant in determining whether a fine should be imposed. Essentially, Mr. Griffin had met his burden by preponderance of the evidence that he had the inability to pay a fine. He also had appointed counsel, which this court has considered a significant factor in determining that someone does not have the ability to pay a fine. The district court's statement was essentially that he believed a fine was appropriate in this case, and that if Mr. Griffin went to work and earned some money and paid a fine, that would assist him in getting himself together. That record is insufficient. The uncontroverted evidence established that Mr. Griffin did not have the ability to pay a fine nor the future ability to pay a fine. And we're asking that essentially this court vacate the imposition of that fine. What's the standard of review on this question? The standard would be for clear error, although Mr. Griffin did not object. And in light of that, if this court were to review for plain error, I would submit that he even meets that. Essentially, by imposing a fine on an individual who's established that he is indigent would be plain error that would affect an individual's substantial rights and the fairness and integrity of the proceeding. Is the fact that probation was the initial sentence, and so there was no incarceration, would that factor be a factor for the court to consider in this case where no incarceration is imposed? I don't believe so. Regardless of the actual sentence that he received, whether it be imprisonment or a term of probation, the court was still required to consider under 3572 and U.S. Sentencing Guideline 5E1.2 whether he had the ability to pay or the future ability to pay and how the imposition of a fine would burden his dependence. The court does have the option of imposing alternative sanctions, too, such as community service, if it finds that he does not have the ability to pay a fine. Unless the court has further questions, I would submit. I would only have this question with regard to Rule 35. This court back in that a sentencing court does not have the ability to reconsider or change the sentence. And I wondered why that issue was not raised in your appeal. Because at one level, this appears to be just that, a change of mind or a reconsideration of sentence. Well, I do believe, and you can correct me if I'm wrong, I believe it was either my opening brief or reply brief where I did point to the advisory committee note of Rule 35, which essentially state what you just said, is that the purpose of the rule is not to reconsider a sentencing decision. And I tried to emphasize in my briefing that here, really what this was, was the court giving the government a second bite at the apple. And that's not the purpose of Rule 35, nor within the time limit parameters of Rule 35. Thank you. Thank you very much. Good morning. May it please the Court. Melanie Pearson on behalf of the United States in this matter. I think the question before the Court today actually is whether a defendant who misled the Court and then failed to object to the sentencing procedure can then reap the benefit of his misdeeds. What about the jurisdictional issue, counsel? The jurisdictional issue, I think, I'll concede here. If the standard of review isn't plain error, then I think I've got a real problem here. However, we think that the standard of review here is plain error because there was no objection to this procedure in the lower court. Well, what if it is plain error? Don't you still have a jurisdictional problem? I think that under plain error review, the Court can review the issue, the issue of subject matter jurisdiction here for plain error. And I think under a plain error review of these facts, the defendant cannot prevail. Plain error, many things are reviewed for plain error. The statute of limitations, for instance, is jurisdictional. And yet that can be reviewed for plain error when people don't object. Whether it's plain error or not, if you can only do it within 14 days, whether it's plain error or any kind of error, you can't do it if it's more than 14 days if that's the jurisdictional rule. So I don't know whether it matters whether it's clear error, plain error, any kind of error. You have to come to the same conclusion. If the rule is you've got to do it within 14 days and it wasn't, that would survive any kind of review. Well, that would be the fact that there is error and it is plain. However, there was no objection to in the court below, for instance, in the case of Mata Gutierrez that I didn't cite this in my brief, it was an unpublished case in the Ninth Circuit. But it was a case where the sufficiency of the indictment was under review and the court said that that was a question of subject matter jurisdiction, whether the court had subject matter jurisdiction to go forward. And it was reviewed for plain error because there was no objection below. So I think that a plain error review can be applied to this case. And I think if defendant doesn't prevail. Because I You disregard any objection. You don't find the record shows any objection having been made. If you look carefully at what counsel has, quote, showed as objections, in the first sentencing hearing, what the defense counsel was really doing is just simply repeating the facts of what had happened. He said, well, and he was doing so in response to the district judge who said, well, aren't you just parroting back what your client said? And he said, well, no, actually, there was a hearing, there was witnesses, you sentenced, all of that, but not a single word of I object, you lack jurisdiction, this isn't proper, nothing like that, simply a review of the facts. And at the second sentencing hearing where he again points out that there was a previous sentencing, he was doing so, if you read on to the next sentences, he was doing so in saying, look, you sentenced him to probation, he's doing well on probation, let's leave him on probation, but there was no discussion whatsoever of, you know, this isn't proper, you know, the sentence is, should, that you imposed before should stand because you lack jurisdiction, I object, this isn't fair, none of those words came out of his mouth. It was simply a recitation of the bare facts. There was no legal argument made about lack of jurisdiction in either of the sentencing hearings. If this had occurred six months later rather than over a month later, would that make any difference? Is this something that can be done at any time while the sentence is still being served? Well, I think that the court in this case caught the error in time, but just didn't have the hearing, and I would like to sort of respond to the court's question, and that at the September 4th hearing, no counsel, defense or prosecutor had any idea why the court had called us there, because if we had had advance notice that, you know, there was some issue about the vehicle and how it actually worked, then, you know, we could have presented that at that hearing, but we had no notice. It was simply put on calendar for status, and we were told at the hearing what the court's concern was, and so there was no way for us to have gotten in there with the material on September 4th that the court wanted, because no one knew what the court wanted. Does it matter that at the September 4th status hearing, the district court said that it was not going to sign the judgment and commitment order? Hadn't done that yet. Does that matter? Well, that actually mattered to me at that time, because I was aware of the rule that there was time limits on it, but I actually, unfortunately in error, thought that it was triggered by the entry of the judgment into the record rather than the oral imposition of sentence, which is why I didn't bring this to the attention of the district court to begin with, because I thought that we were fine because he specifically said, I'm not going to enter this judgment, and so I thought that the time limit ran from the entry of judgment, and that was my mistake. So I appreciate your candor, but just to make sure I'm clear on your argument, your brief makes a point of saying the judgment hadn't been entered yet, and I'm understanding today that that's not the government's argument. That's not our argument. I don't think that's an argument that we can legally make. Okay. I appreciate your candor. Thank you. What is the application of Rule 35 here where it calls for or allows for a change where there's an arithmetical or technical or clear error? Which of this is it? It doesn't seem to be used. It's a clear error. I mean, if you read what the district court said at the time that he went to reimpose the sentence, on September 4th he said, look, this man has misled me. I believe he lied to me, and what could be more clear error, in my view, than to base a sentence on a lie, because the court said the whole reason that he didn't apply the substantial risk enhancement was based on the defendant's false testimony that the seats folded down. And it was a problem for the government because the defense position was sort of a moving target. In their original sentencing memo, they said, oh, well, the seats weren't in the upright position when they came into the checkpoint. So we brought a declaration that said they were in the upright position. Then it sort of moved to, well, they were upright, but they weren't latched. And so then we had to prove whether or not they were latched, and that's when it came down to the actual configuration of the car, which was sort of the third prong of the argument, which came up at the last sentencing hearing. So it was sort of a moving target, and the government could have had the photos there, could have done this. We didn't have the photos at the time of the sentencing hearing, but surely since we still had the car, we could have had someone photograph the car and bring it to the court if we were aware at the beginning that that was the defense argument. When did the 14 days expire? Fourteen days from the imposition of the original oral pronouncement of sentencing. I think she's probably about right, probably about the 10th of September. And when was the intermediate hearing? The intermediate, well, the status hearing was on September 4th. Okay, so you had six days to get those pictures. And so you knew the problem six days before the end of the 14-day period, and you did nothing about it? Boy, I don't have, I wish I had the docket in front of me to be able to show you when exactly I filed the photographs of the car with the court, but the court had already set the hearing 30 days out. And so, you know, I did not recognize that there was an issue, frankly, because I thought it was running from the time of the entry of judgment, which hadn't been done yet. So I did it well in advance of the final sentencing hearing had filed those pictures with the court. You know, sometimes people make perfectly understandable mistakes. And they're stuck with them. It happens to defendants all the time. And when it happens to the government, which is rare, they play by the same rules. And, you know, we're trying to play by Rule 52, which calls for plain error review in the case where people don't object to the procedures that failed in the court below. And Rule 52 says if there's no specific, you know, rule on this, then that you apply the plain error standard where it hasn't been objected to. And so, you know, we urge the court here to adopt the plain error standard in this case, and so that the defendant does not then get the benefit of his misstatements to the court at the earlier hearing. And I think we sort of sidetracked it by interrupting. He said, what if it was 60 days after? Or six months? You know, those were not the facts of this case. No, no, no, please don't. So when we ask questions, it's because we want to see how a rule would work. And almost every time a lawyer who doesn't like the question says, but those aren't the facts of the case. But good try. I'm not sure, you know, it certainly sounds like it would be more of a problem the longer that time went away. But in this case, the judge did identify a problem right away. In fact, within the initial time period. So certainly if the judge had identified a problem and gone back to resentence after the 14-day time period, I would have known at that point that there was a problem because I was aware of the 14-day time period. I simply thought that it ran from the emphasis, that the time period ran from his actual entry of the judgment. So if he'd entered judgment and then he wanted to come back outside of 14 days, I would have then stood up in court and said, Your Honor, I think under Rule 35 you can't do that. But since he had not entered the judgment within that period, we are here today. Okay. Thank you. Thank you very much. Unless the court has further questions, I would submit on the issue. Thank you. Thank you, counsel. The case is carried and will be submitted.
judges: Settle, Reinhardt, Christen